```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| COMCAST CABLE COMMUNICATIONS LLC, | CIVIL ACTION NO. 06-3433 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| EVERETT WELLS, |  |
| Defendant. |  |

**THE PLAINTIFF MOVES** under Federal Rule of Civil Procedure ("Rule") 55(b) for entry of judgment by default in this action to recover damages for, and to enjoin, the theft of cable televison programming. (Dkt. entry no. 5.) The plaintiff seeks an injunction under 47 U.S.C. §§ ("Sections") 553(a)(1) and (c)(2)(A), and damages in the amounts of: (1) $12,662.46, which includes (a) statutory damages of $10,000 under Section 553(c)(3)(A)(ii), and (b) $2,662.46 for an attorney's fee, costs, and disbursements; and, (2) $41.80 for prejudgment interest. The defendant fails to oppose the motion. The Court, under Rule 78, will decide the motion without oral hearing and on the papers.

**DEFAULT WAS ENTERED** against the defendant on September 12, 2006. (Unnumbered dkt. entry btwn. dkt. entry nos. 4 & 5.) The plaintiff properly supports entry of an injunction, as well as an award of $12,662.46, which includes: (a) statutory damages of $10,000, and (b) $2,662.46 for an attorney's fee, costs, and disbursements. (See dkt. entry no. 5, Riley Cert., McGinnis

Cert., & Pl. Br. in Support.)  The Court will grant the part of the motion seeking entry of judgment by default for an injunction and damages in the amount of $12,662.46.[1]  The Court also will direct that the judgment is to bear interest at the judgment rate from the date of entry of judgment until it is paid.[2]

**BUT THE COURT**, in its discretion, intends to deny the part of the motion seeking an award of $41.80 for prejudgment interest, as the plaintiff failed to demonstrate how this amount was

---

[1]   The plaintiff failed to include any language concerning an injunction in its proposed order.  (See dkt. entry no. 5, Proposed Order.)  A movant must delineate all relief sought in any proposed order submitted to the Court.

The plaintiff suggests in support of the motion that the defendant engaged in the "intentional unlawful sale of cable signal descrambling devices," and thus it could be entitled to "an additional sum of statutory enhanced damages of up to $50,000 pursuant to [Section] 553(c)(3)(B)."  (Riley Cert., at 2-3.)  But the complaint only alleges that the defendant purchased such a device, and does not allege that he sold such devices or access to cable television programming to others.  (Compl., at 5-6.) Furthermore, the complaint does not seek damages under Section 553(c)(3)(B).  (Id. at 6.)  In the future, the plaintiff should refrain from making any unsupported claims under Section 553(c)(3)(B).  See Comcast Cable Commc'ns v. Adubato, No. 04-4643 (DRD), dkt. entry no. 9, 4-28-05 Op., at 19-21 (taking counsel to task for seeking damages under Section 553(c)(3)(B) when no showing that defendant engaged in selling).

[2]   The plaintiff is entitled to postjudgment interest on the amount owed for fees.  See Eaves v. County of Cape May, 239 F.3d 527, 530 (3d Cir. 2001); Inst. Juvs. v. Sec'y of Pub. Welfare, 758 F.2d 897, 927 (3d Cir. 1985); Devex Corp. v. Gen. Motors Corp., 749 F.2d 1020, 1026-27 (3d Cir. 1984); Montgomery County v. Microvote Corp., No. 97-6331, 2004 WL 1087196, at *9 (E.D. Pa. May 13, 2004).

calculated.  In any event, an award of postjudgment interest will be sufficient.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge